# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SLF HOLDINGS, LLC,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION: 1:19-00333-KD-C |
| UNITI FIBER HOLDINGS, INC., *et al.*,<br>    Defendants. | )<br>) | |

## ORDER

This matter came before the Court for a hearing on August 28, 2019 regarding Defendant Uniti Fiber Holdings, Inc.'s Motion to Disqualify Counsel (Doc. 13), Bradley Arant Boult Cummings, LLP (Bradley Arant)'s Response (Doc. 29), and Uniti Fiber Holdings, Inc.'s Reply and Notice (Docs. 31, 32).[1] This motion is rooted in Uniti Fiber Holdings, Inc.'s position that it was, and is, a client of Bradley Arant. Bradley Arant contends that Uniti Fiber Holdings, Inc. has never been, and is not currently, a client of the law firm. For reasons explained herein, the motion to disqualify is **DENIED**.

**I.**    <u>**Entities**</u>

Plaintiff **SLF Holdings, LLC** (SLF) is a privately held limited liability company in Alabama. Before July 3, 2017, SLF owned (and had as its affiliate) **Southern Light, LLC** (Southern Light). On July 3, 2017, Uniti Fiber Holdings, Inc. acquired Southern Light.

**Uniti Group, Inc**. is a publicly-traded entity and the parent corporation of 76 separate corporate entities – one of which is Uniti Fiber Holdings, Inc.

Defendant **Uniti Fiber Holdings, Inc.** is a holding company and a wholly-owned

---

[1] Bradley Arant's related motion for leave to supplement the record (Doc. 36) was granted. (Doc. 38).

1

subsidiary of fellow Defendant Uniti Group, Inc.

**Uniti Fiber, LLC** and **Southern Light, LLC** are subsidiaries or affiliates companies of Uniti Fiber Holdings, Inc., and Uniti Group, Inc. Uniti Fiber, LLC runs Southern Light LLC's day-to-day operations.

## II. Relevant Law

Motions to disqualify are governed by two sources: the local rules and federal common law. Herrmann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006). Under this Court's General Local Rules, attorneys are governed by the *Alabama Rules of Professional Conduct* and the Alabama Standards for Imposing Lawyer Discipline. S.D. ALA. L.R. 83.3(i). As set forth in Southern Visions, LLP v. Red Diamond, Inc., 370 F.Supp.3d 1314, 1323 (N.D. Ala. 2019) (footnotes omitted):

> "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Id.* "A disqualification order is a harsh sanction, often working substantial hardship on the client and should therefore be resorted to sparingly." Herrmann, 199 F. App'x at 752 (quoting Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 n. 4 (11th Cir. 1982) ) (internal quotation marks omitted).
> 
> Two sources of law govern motions to disqualify: the local rules of this court and federal common law. Herrmann, 199 F. App'x at 752….
> 
> ***
> 
> Though state-court interpretations of the Alabama Rules of Professional Conduct are not binding on a federal court tasked with determining whether an attorney should be disqualified based on a violation of the Rules, they are persuasive authority concerning the Rules' meaning. See Clark v. Alfa Ins. Co., No. CIV.A. 00-AR-3296-S, 2001 WL 34394281, at *5 n.1 (N.D. Ala. Feb. 7, 2001) (Acker, J.).
> 
> In deciding whether to grant a motion to disqualify, a district court must first "identify a specific rule of professional conduct applicable to that court and determine whether the attorney violated that rule." Herrmann, 199 F. App'x at 755; *see also* Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997) ("[W]hile the district court's disqualification order is based on an allegation of ethical violation, ... [t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the

attorney violated that rule."). A district court "may not disqualify an attorney on the basis of some transcendental code of conduct that existed only in the subjective opinion of the court, of which the attorney had no notice." *Schlumberger*, 113 F.3d at 1561 (cleaned up).

If a violation of an ethical rule is found, disqualification may be an appropriate sanction. *See Herrmann*, 199 F. App'x at 747 (affirming disqualification order where district court found violation of Georgia Rule of Professional Conduct). Upon finding a violation of an applicable ethical rule, a district court must then, "considering binding and persuasive federal case law, decide whether or not the ethical lapse warrants disqualification." *Clark*, 2001 WL 34394281, at *3.

This Court's Local Rule, *General L.R. 83.3(i),* governing "Admission to Practice," sets forth "Standards for Professional Conduct; Obligations[]" for attorneys admitted to practice before this Court. Rule 83.3(i) states that:

> Attorneys appearing before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, and the Alabama Standards for Imposing Lawyer Discipline. Attorney misconduct, whether or not occurring in the course of an attorney/client relationship, may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before it, or such other sanction as the Court may deem appropriate.

Rule 1.7(a) of the Alabama Rules of Professional Conduct states that:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) Each client consents after consultation.

### III.     Discussion

Uniti Fiber Holdings, Inc. alleges that Plaintiff's counsel, Bradley Arant, should be disqualified from representing Plaintiff SLF Holdings, LLC against Uniti Fiber Holdings, Inc. because Bradley Arant has represented Uniti Fiber Holdings, Inc. since July 2017 (when Uniti Fiber Holdings, Inc. acquired Southern Light). In support, Uniti Fiber Holdings, Inc. alleges that

Bradley Arant has violated *Alabama Rule of Professional Conduct* 1.7(a).[2]

Bradley Arant responds that the law firm has never represented Uniti Fiber Holdings, Inc. Moreover, Bradley Arant contends that the firm should not be disqualified on the basis that it currently represents Southern Light, LLC, (a subsidiary of and wholly owned by Uniti Fiber Holdings, Inc.) because this suit is not directly adverse to Southern Light, LLC.

First, the Court considers whether Bradley Arant has ever represented Uniti Fiber Holdings, Inc. Bradley Arant's initial representation of Southern Light, LLC appears to have had its genesis from the representation of Southern Light, LLC's former member, SLF Holdings, LLC. Bradley Arant has represented SLF Holdings, LLC and/or its members for "decades." In fact, Bradley Arant was a counsel to SLF Holdings, LLC in its efforts to come to an agreement[3] with Uniti Fiber Holdings, Inc., wherein, SLF Holdings, LLC. sold SLF Holding LLC's membership in Southern Light, LLC to Uniti Fiber Holdings, Inc.

Prior to and after Uniti Fiber Holdings, Inc. acquired ownership of Southern Light, LLC, Bradley Arant represented Southern Light, LLC in its efforts to obtain permits and right of way agreements for fiber optic cable installation. Initially, this representation of Southern Light, LLC was based on a 2014 engagement letter. (Doc. 13-1 at 9-11 (Decltn. McGriff - Ex. A thereto)). The engagement letter limited Bradley Arant's representation of Southern Light, LLC solely to right of way issues with certain municipalities, but allowed for expansion at Southern Light LLC's request. (Id.) The agreement also specifically states that the scope of employment "does not involve representation of related entities." (Id.) And, that "any substantial expansion [of

---

[2] Uniti Fiber Holdings, Inc. makes no argument that Bradley Arant has violated Rule 1.7(b).

[3] This agreement forms the basis for the underlying dispute in this case.

representation] must be agreed to by [Bradley Arant][.]" (Id.)

In support of its position that Bradley Arant has previously represented Uniti Fiber Holdings, Inc., Uniti Fiber Holdings, Inc. points to four (4) occasions where counsel for Bradley Arant made reference to Uniti Fiber/Uniti in the representation of Southern Light, LLC. The Court will consider each in turn.

The first is a January 2019 email from Bradley Arant to City of Hoover regarding Southern Light, LLC's effort to get a permit to install fiber optic cable. (Doc. 13-1 at 17-21 (Decltn McGriff - Ex. C thereto)). Specifically, the City of Hoover believed that Southern Light, LLC had assigned its franchise agreement to Uniti Holdings, Inc. As such, the City of Hoover suggested that Uniti Fiber Holdings, Inc. should request the city's approval of the assignment. In response, Bradley Arant states that "I have been requested by Southern Light and Uniti Fiber to forward to you the attached [documents]…." (Doc. 13-1 at 17 (Decltn. McGriff - Ex. C thereto)). Bradley Arant also explains, that "Southern Light is now owned and controlled by Uniti[]" but that "Southern Light remains the legal holder of the Franchise Agreement." (Id. at 18).

It is apparent to the Court that on this occasion it is the interest of Southern Light, LLC that is being represented by Bradley Arant, i.e., Southern Light, LLC's interest in operating as the franchisee. Bradley Arant's reference to Uniti Fiber does not indicate that Bradley Arant represents Southern Light LLC's parent company. Rather, it is clear that Bradley Arant is advocating that Southern Light LLC is a separate entity and holder of the franchise right.

The next example of Bradley Arant's purported representation of Uniti Fiber Holdings, Inc., is an April 2019 email to Shelby County regarding a permit. (Doc. 13-1 at 25 (Decltn. McGriff - Ex. D thereto)). In this email Bradley Arant states that it is setting forth the position of

"Uniti Fiber, f/k/a Southern Light" and that the "County's refusal to issue a permit is jeopardizing Uniti's ability to meet its construction timeline." (Id.) The result of this inquiry was a right of way agreement between Shelby County and Southern Light, LLC. (Doc. 29-3 at 30-32 (Decltn. Glenos - Ex. D thereto)). Therefore, it is obvious that counsel's reference to Uniti Fiber was not on behalf of Uniti Fiber Holdings, Inc., but rather as a tradename for Southern Light, LLC. This finding is bolstered by the fact that on August 2, 2017, Southern Light, LLC filed an application for registration of the use of a fictitious name for Southern Light, LLC. (Doc. 36-1). The fictitious name for Southern Light, LLC is Uniti Fiber.

Next is a May 8, 2019 email from Bradley Arant to Vice President and General Counsel of the Uniti Fiber family of entities (including Uniti Group, Inc., Uniti Fiber Holdings, Inc., Southern Light, LLC, Uniti Fiber, LLC).[4] (Doc. 29-3 at p. 171). In this email, Bradley Arant refers to Uniti Fiber as a firm client. However, in the context of what services had been provided by Bradley Arant since Uniti Fiber Holdings Inc. purchased Southern Light, LLC, and the interchangeable use of the names "Southern Light" and "Uniti Fiber" it is obvious that Bradley Arant is again referring to Southern Light, LLC. This is consistent with Bradley Arant's April 2019 email wherein they clarify that Uniti Fiber f/k/a Southern Light is the entity that Bradley Arant is representing.

Last is a July 2, 2019 email from Bradley Arant stating that "I have been requested by Uniti Fiber to prepare an easement agreement for your execution…." (Doc. 13-1 at 30 (Decltn. McGriff

---

[4] General Counsel for the Uniti entities averred that he believed that Bradley Arant represented Uniti Fiber Holdings, Inc. as well as Southern Light, LLC. The Court finds that this belief was not reasonable based on the facts presented. See, e.g., In re Employment Discrimination Litigation Against Ala., 453 F.Supp.2d 1323, 1336 (M.D.Ala.2001) ("[t]he existence of the attorney-client relationship 'hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice[]'…however, that the subjective belief must be a reasonable one[]"); Parallel Iron, LLC v. Adobe Sys. Inc., 2013 WL 789207, *2 (D. Del. Mar. 4, 2013) ("[t]he determination of whether an attorney-client relationship exists….requires a client-centric focus. The analysis depends on the reasonableness of the client's belief regarding the status of the relationship….a fact specific inquiry that depends on the client's history with the law firm."

-- Ex. E thereto)). However, it is clear from the easement agreement that was ultimately signed, that this reference to Uniti Fiber was not a reference to Uniti Fiber Holdings, Inc., but rather to Southern Light, LLC. The easement agreement and settlement agreement were between the landowner and Southern Light, LLC. (Doc. 29-3 at 56-63 (Decltn. Glenos - Ex. F thereto)). And, although the settlement agreement releases any claims against Unit Fiber Holdings, Inc., this lone reference does not support Uniti Fiber Holdings, Inc.'s contention that Bradley Arant had undertaken representation of Uniti Fiber Holdings, Inc. Thus, Uniti Fiber Holdings, Inc. has failed to establish that they have ever been a client of Bradley Arant.

However, Uniti Fiber Holdings, Inc. also contends that Bradley Arant should be disqualified because even if Bradley Arant did not directly represent Uniti Fiber Holdings, Inc., the *ABA Model Rule of Professional Conduct* 1.7(a) would "prohibit a law firm from accepting a representation that is adverse to an affiliate of a current client if 'circumstances are such that the affiliate should also be considered a client of the lawyer.'" (Doc. 13 at 14). Uniti Fiber Holdings, Inc. argues that Southern Light and Uniti Fiber Holdings, Inc. should be treated as one client because they are financially interdependent. Uniti Fiber Holdings, Inc. points out that Southern Light does not have any employees or stand-alone operations and "relies entirely on Uniti Fiber Holdings, Inc. and Uniti Group, Inc. for all its needs, including financial, information technology and accounting services." (Doc. 13 at 14-15).[5]

This type of conflict is known as a corporate affiliate conflict. The Second Circuit Court of Appeals has analyzed affiliate conflicts of interest under a "unity of interest" test; finding that

---

[5] Bradley Arant billed Southern Light, LLC directly for its services. (Doc. 29-3 at 8 (Decltn. Glenos)). Uniti Fiber Holdings, Inc. stated at the hearing that Uniti Fiber, LLC paid Bradley Arant's attorneys' fees. As Uniti Fiber, LLC is not a party to this case, the Court has not determined whether Uniti Fiber, LLC was a client of Bradley Arant.

when two corporate affiliates share a common infrastructure and financial interdependence, they should be considered one client for conflict purposes. GSI Commerce Solutions, v. BabyCenter, L.L.C., 618 F.3d 204, 210-211 (2nd Cir. 2010). Uniti Fiber Holdings, Inc. urges the Court to follow suit and find that because Uniti Fiber Holdings, Inc. and Southern Light, LLC share a corporate infrastructure and are financially interdependent, they are essentially one client. However, the Court has been unable to find an opinion in the Eleventh Circuit that remotely supports applying a "unity of interest" test. Moreover, no Alabama State Bar opinion supports such a broad view of affiliate conflict. Instead, the Alabama State Bar has issued an opinion, albeit with distinguishable facts, wherein it generally opines that a lawyer may represent a client who is suing a subsidiary of an existing corporate client "as long as the parent corporation is not the alter ego of the subsidiary." ALA. BAR ETHICS OP. RO 92-20. Establishing that a subsidiary is the alter ego of its parent corporation is by far a more substantial burden than establishing a "unity of interest." Uniti Fiber Holdings, Inc. has not proposed that Southern Light, LLC is its alter ego or presented sufficient evidence for this Court to find that Southern Light, LLC is its alter ego.

In Vandeveer Group, Inc. v. Petruny, 1993 WL 308720 (E.D. Penn. 1993), the court analyzed a similar situation and determined that counsel had not violated Rule 1.7(a) by suing a parent corporation, although counsel concurrently represented a subsidiary of the parent corporation. Like this case, the subsidiary had been a client of the firm before it was purchased by the parent corporation and the subsidiary was not involved in the current litigation. Also, as in this case, the parent corporation argued that the relationship between the parent and the subsidiary was such that any action adverse to the parent is automatically adverse to the subsidiary. The Court rejected this broad interpretation of "directly adverse" because to accept the parent corporation's

8

argument would be a finding "that acquisition of a subsidiary corporation automatically extends the latter's lawyer-client relationship to the purchasing corporation. Stated another way, such a decision would extend an attorney's duty of loyalty to all other entities then related, or which later become related, to a corporate client." Id. at *2.

As stated, Uniti Fiber Holdings, Inc. argues that the financial interdependence of the parent and subsidiary makes them one client for conflict purposes. In other words, what would affect Uniti Fiber Holdings, Inc. financially (*i.e.*, an award against Uniti Fiber Holdings, Inc. in this suit) would be directly adverse to the client Southern Light, LLC.

The Court has considered the guidance from the American Bar Association on what is "directly adverse" to an existing client under Rule 1.7(a). The ABA has opined that even where a suit against a parent corporation will have a direct economic impact on a wholly owned subsidiary, this adverseness is indirect, and not direct:

> ….We conclude that although in situations involving an unrelated suit against an affiliate of a corporate client, the client may be adversely affected, that adverseness is, for purposes of Rule 1.7, indirect rather than direct, since its immediate impact is on the affiliate, and only derivatively upon the client. The phrasing of Rule 1.7(a) is not ambiguous: the reference to a representation that is "directly adverse" clearly draws a distinction between direct and indirect adverseness, and thereby draws a bright line striking a balance between the interests of lawyer and client. If the proposed representation is directly adverse to a client, the client may veto its opponent's choice of counsel….In all other cases, the client's only recourse is to fire the lawyer who undertakes a matter that displeases the client….

AM. BAR. ASS'N COMM. ON ETHICS & PROF. RESP. FORMAL OP. 95-390 at 11-12 (1995). Thus, Uniti Fiber Holdings, Inc.'s financial interdependence argument fails to support that Plaintiff SLF Holdings, LLC's suit is directly adverse to Southern Light, LLC's interest for purposes of a conflict under Rule 1.7(a).

The Court has not viewed the facts in a vacuum. The situation is that Bradley Arant represented SLF Holdings, LLC and Southern Light, LLC, well before Southern Light, LLC was purchased by Uniti Fiber Holdings, Inc. Bradley Arant represented SLF Holdings, LLC in issues concerning the sale of Southern Light, LLC to Uniti Fiber Holdings, Inc. It is this sale that forms the basis of the dispute currently before the Court. Uniti Fiber Holdings, Inc.'s attempt to disqualify a firm that has a long-standing relationship with SLF Holdings, LLC and its members cannot be considered lightly. And, given the lack of evidence that Uniti Fiber Holdings, Inc. was ever a client of Bradley Arant, or that Bradley Arant received any confidential information about Uniti Fiber Holdings, Inc.,[6] the Court will not do so.

At this point, as the ABA has pointed out, Southern Light, LLC's only recourse is to fire Bradley Arant as counsel, not to have the law firm disqualified in unrelated litigation against a parent corporation. Accordingly, the Court finds that Defendant Uniti Fiber Holdings, Inc.'s motion is due to be **DENIED.**

IV.     **Conclusion**

Upon consideration, the Court finds that Defendant Uniti Fiber Holdings, Inc. has failed to meet its burden of proof to show that the Bradley Arant law firm should be disqualified from the representation of Plaintiff SLF Holdings, LLC. Accordingly, it is **ORDERED** that Defendant Uniti Fiber Holdings, Inc. (Uniti)'s Motion to Disqualify Counsel (Doc. 13) is **DENIED.**

**DONE** and **ORDERED** this the **30th** day of **August 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

6 As noted in ALA. BAR ETHICS OP. RO 92-20 (discussing whether any risk existed that either party's confidential information would be misused). Nothing was submitted to the Court indicating the presence of such risk.